MATTHEW SKINNER, REG. NO. 02986-510
Federal Correctional Institution
Terminal Island
P.O. Box 3007
San Pedro, CA 90733

Petitioner in Pro Per

FILED
CLERK, U.S. DISTRICT COURT
NOV 27 2023
CENTRAL DISTRICT OF CALIFORNIA
BY ECE DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW SKINNER<br><br>Defendant | CASE NO.: 2:22-CR-00183-PA<br>2:23cv10020-PA<br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255<br>[Filed Concurrently With:<br>- Declaration of Matthew Skinner; and<br>- Declaration of Christina Skinner] |

Matthew Skinner ("Skinner" or "Petitioner"), Defendant and Petitioner in Pro Per, respectfully submits this Memorandum of Points and Authorities in support of his Motion to Vacate, Set Aside or Correct his Judgment pursuant to 28 U.S.C. § 2255 and all other applicable laws and statutes.

In support of this Motion, Mr. Skinner offers the following:

///
///
///
///
///
///
- ///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF THE CASE AND RELEVANT BACKGROUND

On or about July 3, 2018, Mr. Skinner through one of his entities began to solicit and received funds for an investment project. Subsequently, the Securities and Exchange Commission began investigating Mr. Skinner's approach to the solicitation for funds and shut down his buisness and made his accounts inaccessible.

Based on the investigation, Mr. Skinner retained the services of Mr. Helfend to defend him. (See Declaration of Matthew Skinner filed herewith ("Decl.") ¶ 2). After ongoing negotiations between the United States and Mr. Skinner, Mr. Skinner executed a plea agreement, by where he would plead guilty to a one-count information charging him with securities fraud. (See Decl., ¶ 2, Ex. A). In the plea agreement, the parties stipulated to the United States Sentencing Guideline level of 24, but were unable to agree to Mr. Skinner's criminal history category. Therefore, the parties specifically agreed that any appeal waiver as to the sentence will not apply if the Court sentences Mr. Skinner below the recommended Guideline level 24 CHC I of 51 months, or above level 24 CHC II of 71 months. (See Id.). The parties remained free to argue Mr. Skinner's criminal history category and the other 18 U.S.C. § 3553(a) factors.

Due to the plea agreement, the United States filed a one-count information charging Mr. Skinner with securities fraud on May 3, 2022, and on that same date filed the plea agreement. After a short delay, Mr. Skinner's sentencing hearing took place on November 21, 2022. (Decl. ¶ 3). During sentencing, the United States argued for a sentence that was above Level 24. Ultimately, the Court applied an upward

variance and sentenced Mr. Skinner to 77 months of imprisonment; a sentence above the recommended guideline.

Immediately after his sentencing hearing, Mr. Skinner explicitly told Mr. Helfend that he wanted to appeal his sentence. (Decl. ¶ 4). Notwithstanding this specific instruction, Mr. Helfend failed to file the Notice of Appeal as requested.

Accordingly, Mr. Skinner was denied his constitutional right to appeal due to the ineffective assistance of his attorney, Mr. Helfend. Mr. Skinner now seeks to have the judgment of conviction vacated and re-entered so that he can timely file a Notice of Appeal. This is the only just, and constitutionally-allowed, way to remedy Mr. Helfend's ineffective assistance of counsel.

## II. LEGAL ARGUMENT

28 U.S.C. § 2255 entitles a federal prisoner to seek a collateral attack aginst his sentence by moving to vacate, set aside or correct it. (Tripati v. Henman, 843 F. 2d 1160, 1162 (9th Cir. 1988). The federal prisoner is entitled to such relief "[i]f the court finds that...there has been...a denial or infringment of the constitutional rights of the prisoner..." (28 U.S.C. § 2255(b)). To warrant relief, one must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurous effect or influence on the result. (See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).

In this case, Mr. Skinner moves the honorable Court for relief on the basis that his Sixth Amendment Constitutional right to effective counsel was violated when, after expressly instructing to file an appeal, his attorney failed to file a Notice of Appeal.

/ / /

/ / /

**A.      Standard of Review for Ineffective Assistance Claims**

To prevail on an ineffective assistance of counsel claim, a movant must demonstrate two elements: Deficient performance and Prejudice. (Strickland v. Washington, 466 U.S. 668, 693 (1984)).

In this case, Mr. Skinner can clearly show ineffective assistance of counsel by Mr. Helfend.

**1.      Mr. Helfend Performed Deficiently**

It has been held that even if a defendant has expressly waived his right to appeal, if he expressly requests that his attorney file a notice of appeal and his attorney then fails to do so, that attorney performed deficiently. (Garza v. Idaho, 139 S. Ct. 738, 746 (2019)). "A lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner." (Roe v. Flores-Ortega, 528 U.S. 470 (2000)).

In this case, the plea agreement negotiated and agreed to between the United States and Mr. Skinner--by and through Mr. Helfend-- stipulated to a sentence within a specific guideline level of 24. (Decl. ¶ 2). However, as the parties could not agree whether Mr. Skinner fell within Criminal History Category I or II, they agreed to an exception in the appeal waiver. Specifically, the plea agreement stated that "provided the Court imposes a term of imprisonment within or below the range correspnding to an offense level of 24 and the criminal history category calculated by the Court, defendant gives up the right to appeal the following...." (Decl. ¶2, Ex. A, ¶19).

In effect, since level 24 of the United States Guideline range was between 51 and 71 months depending on the Criminal History Category, Mr. Skinner reserved his right to appeal a sentence above

3

71 months.

On or about November 21, 2022, the Court found that Mr. Skinner fell within Criminal History Category II, and imposed a 77-month sentence. This sentence was above the guideline and was based on an upward variance applied by the Court. (Decl. ¶ 3). Shortly thereafter, Mr. Skinner, his ex-wife Christina and Mr. Helfend were in the Courthouse, wherein Mr. Skinner specifically requested that Mr. Helfend appeal the Court's sentence which was above the agreed-upon sentenced called for in the plea. (See Decl. ¶4; see also, Declaration of Christina Skinner ¶ 3).

Accordingly, Mr. Helfend failed to file a notice of appeal despite being specifically and expressly requested to do so by Mr. Skinner. As such, Mr. Helfend acted in a professionally unreasonable manner.

### 2. Mr. Skinner was Prejudiced by Mr. Helfend's Deficient Performance

"[P]rejudice is presumed when a defendant is deprived of an appeal that he waived but nonetheless tried to assert."(Fabian-Baltzar v. United States, 931 F. 3d 1216, 1220)(citing Garza, supra, 139 S. Ct. at 749)). Thus, prejudice is certainly presumed when a defendant is deprived of an appeal that he expressly reserved in his plea agreement.

Here, it is undisputed that Mr. Skinner expressly reserved his right to appeal a sentence that fell above 71 months. Mr. Skinner was ultimately sentenced to 77 months. Therefore, he expressly told his attorney--Mr. Helfend--that he wanted to appeal and instructed him to do so. Since Mr. Helfend failed to do so, he prevented Mr. Skinner from filing an appeal. Therefore, but for Mr. Helfend's failure to file a notice of appeal, Mr. Skinner would have timely filed a notice

4

of appeal.

### B. A Hearing on the Merits is Required

A § 2255 motion requires an evidentiary hearing where "the movant has made specific and factual allegations that, if true, state a claim on which relief could be granted." (<u>United States v. Schaflander</u> 743 F. 2d 714, 717 (9th Cir. 1984)(<u>quoting</u> United States v. Hearst, 638 F. 2d 1190, 1194 (9th cir. 1980)). In fact, an evidentiary hearing is mandatory "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." (28 U.S.C. § 2255(b); <u>see also</u> Baumann v. United States, 692 F. 2d 565, 571 (9th Cir. 1982))

### C. The Court Should Appoint Mr. Skinner Counsel For The Evidentiary Hearing

Although there is no constitutional right to counsel for collateral attacks under 28 U.S.C. § 2255, the Court shall appoint counsel for an indigent movant where the complexities of a case are such that a denial of counsel would amount to a denial of due process. (18 U.S.C. § 3006(A)(a)(2)(B); <u>Brown v. United States</u>, 623 F. 2d 54, 61 (9th Cir. 1980)). When exercising its discretion of whether to appoint counsel, "the district court must evaulate the liklihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexities of the legal issues invovled." (<u>Weygandt v. Look</u>, 718 F. 2d 952, 954 (9th Cir. 1983)).

In this case, while Mr. Skinner may have received help from a fellow inmate, he will be unable to properly cross-examine Mr. Helfend and make articulate argument to the Court. Mr. Skinner is not highly educated and has no experience with evidentiary issues. He

5

is also indigent. (Decl. ¶ 6).

Accordingly, should the Court grant an evidentiary hearing on this matter, Mr. Skinner respectfully requests the appointment of counsel.

### III. CONCLUSION

Based on the foregoing, Mr. Skinner respectfully requests that the Court vacate and re-enter the judgment to allow him to file a timely notice of appeal. In the alternative, Mr. Skinner respectfully requests that the Court set an evidentiary hearing on this matter and appoint him counsel.

Lastly, and should the Court deny this Motion, Mr. Skinner respectfully requests a Certificate of Appealability on the issues presented.

Respectfully Submitted,

Date: 11/13/23

MATTHEW SKINNER
Defendant/Petitioner in Pro Per

6

**PROOF OF SERVICE**

I, Sagi Schwartzberg, declare that I am a resident of the State of California via my incarceration at the Federal Correctional Institution Terminal Island, am over the age of eighteen years, and not a party to the within action. My address is Federal Correctional Institution, Terminal Island, P.O. Box 3007 San Pedro, CA 90733.

On 11/15/23, I served the following document(s):
- Motion to Vacate (28 USC 2255) and Points & Authorities
- Declaration of Matthew Skinner
- Declaration of Christian Skinner

On the parties listed below as follows:

United States Attorneys office
1100 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012

By First Class Mail by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the prison's daily mail box for mailing in the United States Mail.

I declare under the penalty of perjury under the laws of the State Of California that the foregoing is true and correct.

Executed on 11/15/23, at San Pedro, California.

Name: Sagi Schwartzberg
Reg. No.: 50999-509